**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **NURALI OCHILOV,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )    **Case No. CIV-26-526-R** |
| | ) |
| **SCARLET GRANT, et al.,** | ) |
| | ) |
| **Respondents.** | |

## ORDER

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 asserting that his continued detention by U.S. Immigration and Customs Enforcement violates his Fifth Amendment Due Process rights. As relief, he seeks immediate release from custody or, alternatively, a prompt, individualized custody hearing before a neutral decisionmaker. The matter was referred to United States Magistrate Judge Suzanne Mitchell who issued a Report and Recommendation [Doc. No. 15] recommending that the Court grant the Petition and order Respondents to release Petitioner. Respondents filed a timely Objection [Doc. No. 16] to which Petitioner replied [Doc. No. 17], triggering de novo review of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3).

Petitioner is a citizen of Uzbekistan. On May 8, 2023, DHS served him with a Notice to Appear that designated him as an arriving alien that applied for admission and charging him as removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I). At some point, he was released

from custody and his removal proceedings are ongoing.[1] As noted in the Report, neither party provides Petitioner's release paperwork and there is some ambiguity as to whether Petitioner was released on his own recognizance, which suggests a conditional parole under 8 U.S.C. § 1226(a), or paroled under 8 U.S.C. § 1182(d)(5)(A), which provides that DHS may temporarily parole into the United States a noncitizen "for urgent humanitarian reasons or significant public benefits."

Approximately three years later, on March 11, 2026, Petitioner was taken into custody by ICE. Petitioner asserts that, regardless of the statutory authority under which he was paroled, his re-detention without a hearing violates his right to due process. In her Report, Judge Mitchell concludes that Petitioner's ongoing detention without a pre-deprivation hearing violates the right to due process and recommends that Petitioner be released subject to the same conditions as his prior release.

In their Objection, Respondents argue that Petitioner has conceded that 8 U.S.C. § 1225(b)(1), which provides for expedited removal and mandatory detention of noncitizens in certain situations, governs Petitioner's detention. Respondents go on to argue that § 1225 authorizes detention without a hearing, the Constitution does not entitle Petitioner to any procedural protections beyond that allocated by the statute, Petitioner improperly conflates a procedural due process claim with a substantive due process claim, and the *Matthews* factors support detention.

---

[1] After the Court requested supplemental briefing on the status of Petitioner's removal proceedings, both parties filed supplemental briefs [Doc. Nos. 19, 20] noting that the order of removal entered on June 16, 2026 was not yet final because Petitioner has filed an appeal.

As an initial matter, the Court rejects Respondents characterization of Petitioner's claim. Petitioner did not concede that § 1225(b) controls his detention. Rather, Petitioner asserts that, regardless of the statutory basis for his initial detention, he has a constitutionally protected liberty interest after being paroled for nearly three years.

The Court is also unpersuaded by Respondents' theory that Petitioner retains his status as an "arriving" noncitizen subject to mandatory detention under § 1225(b)(1) irrespective of the fact that Petitioner was released and allowed to live in the country for several years.[2] Courts in this district and others have rejected this theory. *See Zhakhonov v. Grant,* No. CIV-26-350-J, 2026 WL 1865418, at *1-2 (W.D. Okla. June 29, 2026) ("Petitioner's current detention is not part of the inspection process, nor does it arise from an attempted entry at a port of entry…. Accordingly, consistent with the growing body of authority addressing this issue, the Court concludes that Petitioner's present detention is governed by § 1226(a), not § 1225(b)(1)."); *Singh v. Mullin,* No. CIV-26-601-SLP, 2026 WL 1661971, at *2 (W.D. Okla. June 9, 2026) (concluding that "1225(b)(2) does not apply in circumstances, like Petitioner's, where the noncitizen has resided in the country for several years before their parole is revoked"); *Kumar v. Johnson,* No. CIV-26-352-J, 2026 WL 937560, at *2 (W.D. Okla. Apr. 7, 2026) (finding § 1225(b) inapplicable to a noncitizen that was paroled and then re-detained); *Saidi v. Lyons*, No. CIV-26-738-J, 2026 WL 1181076, at *4 (W.D. Okla. Apr. 30, 2026), report and recommendation adopted in

---

[2] Although Petitioner does not raise a freestanding claim that his detention violates the Immigration and Nationality Act, the statute that governs Petitioner's detention is relevant to his due process claim and "the issue of whether 8 U.S.C. § 1225(b)(1) or 8 U.S.C. § 1226(a) governs Petitioner's detention is properly before 9the court]." *Zhakhonov*, 2026 WL 1865418, at *1.

part, rejected in part, No. CIV-26-738-J, 2026 WL 1333410 (W.D. Okla. May 13, 2026) (finding that noncitizen's "detention is governed by § 1226(a) because expiration or revocation of parole under § 1182(d)(5)(A) does not convert his status to an 'applicant for admission' who is 'seeking admission'"); *Capote Zamora v. Mullin*, No. 26-CV-00538-PAB, 2026 WL 1026810, at *3 (D. Colo. Apr. 16, 2026) (concluding that "regardless of whether petitioner was detained pursuant to § 1225(b)(1) or § 1225(b)(2) upon his initial entry into the United States, petitioner's detention did not revert back to § 1225 when his parole was terminated"). Because Respondents have not shown that § 1225(b) applies, the more general provisions of § 1226 govern Petitioner's detention.

The Report found that, regardless of the statutory provision authorizing Petitioner's parole, Petitioner has a protected liberty interest in remaining free from detention and he was deprived of the right when he was detained without a hearing. Respondents object, arguing that noncitizens do not have a right to be released from custody during detention proceedings and do not have a right to a hearing. Upon de novo review, the Court agrees with the Report insofar as it concludes that Petitioner has a protected liberty interest in remaining out of custody and his continued detention without any meaningful opportunity to be heard violates his due process rights. *See Zadvydas v. Davis,* 533 U.S. 678, 690 (2001) ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."); *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025) (quotation marks and citations omitted) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings. So, the detainees are entitled to notice and opportunity to be heard appropriate

to the nature of the case."); *Flores, v. Leyva*, No. 4:26-CV-00060-DN-PK, 2026 WL 1830958, at *13 (D. Utah June 25, 2026) ("The Supreme Court has held that a protected liberty interest may arise from a conditional release, like parole, from physical restraint.").

Last, the Court considers the amount of process due to Petitioner and the appropriate remedy. Respondents object to the Report's finding that Petitioner should be released, contending that any relief should be limited to a bond hearing. Notably, the Petition also requested either immediate release or a prompt bond hearing. On this point, the Court agrees with Respondents. Generally, when "§ 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025); *see also Santillan Quiroz v. Mullin,* No. 26-6019, 2026 WL 1876709, at *17 n.13 (10th Cir. June 30, 2026) ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him."); *Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."); *Maldonado v. Noem*, No. CIV-25-1379-J, 2026 WL 160950, at *3 (W.D. Okla. Jan. 21, 2026) ("Noncitizens detained under § 1226(a) are generally entitled to a prompt bond hearing before an immigration judge."). "A bond hearing before a neutral immigration judge will provide immense value as an additional safeguard" and will afford Petitioner "the process he is due under the statute." *Montero Cordova v. Noem*, No. 1:26-CV-00526-KWR-DLM, 2026 WL 867689, at *9-10 (D.N.M. Mar. 30, 2026).

Accordingly, the Report and Recommendation [Doc. No. 15] is ADOPTED in part. The Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED in part and Respondents are directed to provide Petitioner with an individualized custody determination hearing before a neutral decisionmaker within seven days of the date of this order.[3] Respondents shall certify compliance by filing a status report.

IT IS SO ORDERED this 1st day of July, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] "At this point in time, no immigration judge has conducted a bond hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to that evidentiary framework." *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. Apr. 16, 2026). Although Petitioner is entitled to a custody determination hearing, the Court declines to prospectively specify or alter the burden of proof at this stage. *Id. See also Rangle v. Mullin,*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) ("At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings.").