**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **NURALI OCHILOV,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-526-R** |
| | ) | |
| **SCARLET GRANT, et al.,** | ) | |
| | ) | |
| **Respondents.** | | |

**ORDER**

Approximately three years after removal proceedings were initiated against Petitioner, he was taken into custody by ICE. Petitioner sought habeas relief, contending that his continued detention without a hearing violates the Due Process Clause of the Fifth Amendment. The Court granted Petitioner's request in part, concluding that Petitioner has a protected liberty interest in remaining out of custody, his continued detention without any meaningful opportunity to be heard violates his due process rights, and the appropriate remedy was to conduct a custody determination hearing under 8 U.S.C. § 1226(a). The Court therefore directed Respondents to provide a custody determination hearing within seven days or release Petitioner.

Within this time frame, Petitioner received a hearing before an Immigration Judge where he was represented by counsel and presented evidence to support his request for release on bond. *See* Order of the Immigration Judge [Doc. No. 25-1]. The Immigration Judge denied bond after concluding that Petitioner failed to demonstrate that he was not a flight risk. *Id.* In support of this decision, the Immigration Judge noted that Petitioner has an order of removal and, although the order is being appealed, he lacks a realistic path to

legal status. *Id.* The Immigration Judge further noted that Petitioner's low net income and unverified financial stream do not demonstrate the level of domestic stability required to ensure future compliance. *Id.*

Now pending is Petitioner's Emergency Motion to Enforce the Judgment [Doc. No. 25] contending that his bond hearing was constitutionally deficient because the Due Process Clause requires the government, not Petitioner, to bear the burden of justifying continued detention under 8 U.S.C. § 1226(a). He seeks his immediate release from custody or, in the alternative, a bond hearing at which the government bears the burden of proof by clear and convincing evidence. Respondents filed a response in opposition [Doc. No. 29][1] and the matter is now at issue.

The issue presented is whether the Due Process clause of the Fifth Amendment entitles Petitioner, a noncitizen detained pursuant to § 1226(a), to a bond hearing at which the government bears the burden of proof that the noncitizen is dangerous or a flight risk.[2] The Circuit Courts that have confronted the issue are not in agreement. *See Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021) (placing burden on government); *Velasco Lopez*

[1] The Court rejects Respondents' argument that 8 U.S.C. § 1226(e) and Petitioner's alleged failure to exhaust administrative remedies precludes review. As an initial matter, the Court "retains jurisdiction to address Petitioner's Motion to the extent it must ensure its judgment has been fully effectuated." *Hernandez Casallas v. Jones*, No. CIV-26-053-J, 2026 WL 1239322, at *2 (W.D. Okla. Apr. 17, 2026), report and recommendation adopted sub nom. *Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 1233127 (W.D. Okla. May 5, 2026). Further. § 1226(e) does not "does not preclude challenges to the statutory framework that permits the alien's detention without bail." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (internal quotation marks and brackets omitted). Last, there is no statutory exhaustion requirement and, in these circumstances, exhaustion would be futile. *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1182 (D. Colo. 2024).

[2] Section 1226(a) grants the Attorney General discretion to either detain a noncitizen during removal proceedings or release the noncitizen on bond. The statute does not specifically address which party bears the burden of proof at a bond hearing. The applicable regulations place the burden on the noncitizen. 8 C.F.R. § 236.1(c)(8); *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006).

*v. Decker*, 978 F.3d 842 (2nd Cir. 2020) (placing burden on government); *Miranda v. Garland,* 34 F.4th 338 (4th Cir. 2022) (placing burden on noncitizen); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022) (placing burden on noncitizen); *Borbot v. Warden Hudson County Correctional Facility,* 906 F.3d 274 (3rd Cir. 2018) (placing burden on noncitizen). District courts, too, have reached different conclusions. *Compare L.G. v. Choate*, 744 F. Supp. 3d 1172, 1182 (D. Colo. 2024), *with Basri v. Barr,* 469 F. Supp. 3d 1063, 1073 (D. Colo. 2020).The Court acknowledges this split of authority and the compelling arguments on both sides. After carefully considering the issue, the Court finds the analysis provided in *Miranda,* 34 F.4th 338, to be the most persuasive and concludes that the Due Process Clause is not offended by placing the burden on the noncitizen.

It is beyond cavil that "that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306, 113 S. Ct. 1439, 1449, 123 L. Ed. 2d 1 (1993). And Petitioner, who was released and allowed to live in this country for years before being re-detained, undoubtedly has a liberty interest in remaining out of custody. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."). "But the liberty interest of a non-citizen seeking admission to the United States and/or resisting removal proceedings is not

the same as that of a citizen." *Singh v. Mullin*, et al., CIV-26-712-HE at 6 (W.D. Okla. June 18, 2026).[3]

The Supreme Court has been clear that "Congress may make rules as to aliens that would be unacceptable if applied to citizens" and that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 522-23 (2003). Further, "[i]n determining what process is due in a matter relating to immigration, 'it must weigh heavily in the balance that control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature.'" *Miranda*, 34 F.4th at 364 (quoting *Landon v. Plasencia*, 459 U.S. 21, 34 (1982)).

Applying these principles, the Court concludes that Petitioner "is not entitled, as a matter of Fifth Amendment Due Process, to a hearing at which the burden of proof is on the government." *Singh*, CIV-26-712-HE at 6. Petitioner received "the fundamental features of due process—notice and an opportunity to be heard[,]" and "the additional process [he] seeks conflicts with Supreme Court precedent in similar circumstances." *Miranda*, 34 F.4th at 362.

Accordingly, Petitioner's Emergency Motion to Enforce the Judgment [Doc. No. 25] is DENIED.

[3] For this reason, the cases dealing with the civil commitment of citizens are not persuasive. *See Miranda*, 34 F.4th at 359; *Rodriguez Diaz*, 53 F.4th at 1211.

IT IS SO ORDERED this 25th day of August, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE